1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT PATRICK,

      Petitioner,              No. CIV S-07-0582 GEB GGH P

      vs.

R.K. WONG, Warden,

      Respondent.           ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

      Since petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondents will be served with the petition, but shall not file a response at the present time.

      In light of the length of petitioner's sentence, the court has determined that the interests of justice require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district;

3. The Federal Defender is appointed to represent petitioner;

4. Within thirty days of this order, the parties shall file a joint scheduling statement which addresses the timing and order of the following matters:

   a. The number of days petitioner's counsel estimates it will take to file either:

      1. A statement indicating petitioner will stand on the existing petition, and supplemental memorandum of points and authorities, if any;

      2. An amended petition which will proceed on exhausted claims only; or

      3. An amended petition which identifies both exhausted and unexhausted claims, **demonstrates good cause for having failed to exhaust state court remedies as to any claims,**[1] and any intention to pursue unexhausted claims, after which the court **may** recommend that the proceedings be held in abeyance while petitioner exhausts any new claims in state court.

   b. Discovery and investigations;

   c. Anticipated motions;

   d. The need for and timing of an evidentiary hearing;

   e. Enumeration and resolution of unexhausted claims; and

   f. Possible future amendments to the pleadings.

Counsel are reminded of the importance of timely filing a joint scheduling statement. Failure to do so may result in sanctions.

---

[1] <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528 (2005).

1       5. The Clerk of the Court shall serve a copy of this order on Michael Patrick

2  Farrell, Senior Assistant Attorney General, and David Porter, Assistant Federal Defender.

3  DATED: 4/20/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
patr0582.110