UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT PATRICK,

Petitioner,

v.

SUSAN HUBBARD,

Respondent.

No. 2:07-cv-0582 GEB GGH (HC)

ORDER ON MOTION TO EXPAND THE RECORD

*Introduction and Summary*

The parties' shifting and unusual positions on the meaning of certain state court habeas rulings make for a very complicated motion to expand the record with respect to petitioner's ineffective assistance of counsel claim. Petitioner, knowing that respondent has not made a procedural default motion, concedes that the Court of Appeal petition containing the federal claims at issue presently was in fact defaulted. Petitioner does so in order to obtain a way to avoid the very stringent new evidence/evidentiary hearing preclusions of Cullen v. Pinholster, i.e., arguing that the Court of Appeal ruling was "not on the merits," the *sine qua non* for application of Pinholster.[1] Although at one time arguing that the Court of Appeal claims were not exhausted

[1] Cullen v. Pinholster, __U.S.__, 131 S. Ct. 1388 (2011).

in part because of the presently proffered information, respondent eschews procedural default and exhaustion arguments in order to assert that the Court of Appeal unexplained decision (and later that of the California Supreme Court) was on the merits, and hence petitioner is limited to the record before those courts—a record that *could have been* supplemented with the material now sought by petitioner to be added to the habeas record.

For the reasons set forth herein, although slightly different reasons than those proffered by respondent, petitioner is precluded from enhancing the record with new evidence.

*Procedural Background*

A thorough rendition of the procedural aspects of this case is important for proper resolution of the Motion to Expand the Record.

Petitioner, an Army officer and medical doctor at the time of the criminal events, was convicted of 50 counts of lewd acts with a minor (his stepdaughter or adopted daughter) (Cal. Penal Code section 288(b)) and four counts of aggravated sexual assault of a child (Cal. Penal Code section 269). Petitioner was sentenced to a determinate term of 300 years and an indeterminate term of 60 years to life—essentially a life without parole sentence.

Because the claims made on direct review and in state habeas have a bearing on the outcome of this motion, the undersigned sets them forth in some detail.

Direct Review, Court of Appeal, decided March 28, 2000, affirming conviction: The issues raised involved: the trial judge's asserted error in giving a supplemental jury instruction on the meaning of substantial force [an issue raised in the operative federal petition, *see below*], insufficient evidence to show that each lewd act and sexual assault was committed with requisite force or duress [an issue raised in the operative federal petition], an instruction requiring the jurors to inform the court of possible misconduct of jurors [an issue raised in the operative federal petition], an error in imposing consecutive sentences under Cal. Penal Code section 667.6, and finally, cruel and unusual punishment.

Direct Review, Petition for Review in the California Supreme Court, decided July 12, 2000, review denied: The issues raised were the same as raised before the Court of Appeal.

/////

First Superior Court Habeas Petition, decided and denied August 21, 2001, (filed by attorney Richard Dangler): The issues raised in this petition included issues decided on direct review as well as a few new ones. Ineffective Assistance of Counsel (trial counsel was ineffective in not objecting to the supplemental "substantial force instruction [an issue raised in the operative federal petition]; failure to "call and impeach" Barbara Burks; failure to present mitigating evidence at sentencing; insufficient evidence of force or duress and aggravated sexual assault [raised on direct review and an issue in the operative federal petition]; presentation of same sentencing issues raised on direct review.

The Superior Court, exasperated by the lack of any outside-the-record evidence for ineffective assistance of counsel and/or the repetition of issues decided by the Court of Appeal, denied the petition on procedural grounds and on the merits. The ineffective assistance of counsel claims were denied on the merits; the remainder of the claims were procedurally denied on grounds that the issues had been raised and decided on direct review.

Second Superior Court Habeas Petition, filed August 23, 2005 and decided October 25, 2006: the August 23, 2005 petition was not really a habeas petition at all. It constituted a request to file a new petition, obtain trial transcripts and to obtain return of monies given to Richard Dangler. After the request to file a petition was seemingly denied, the Superior Court reconsidered on one issue and invited further filings on that issue.[2] No actual further petition was ever filed and the Superior Court, after a discussion of successive petitions, denied the 2005 "petition."

Third Superior Court Habeas Petition, filed on March 26, 2007 and denied on the merits April 19, 2007: This petition raised a Cunningham v. California issue (facts used to determine the upper term under California sentencing law were to be found by a jury). The Superior Court denied the petition as petitioner's multiple consecutive sentences were based on the middle term under California law. This petition has nothing to do with the present federal petition in terms of its claim.

---

[2] The undersigned was unable to identify from the lodged documents the one issue referenced by the Superior Court.

Court of Appeal Petition. Petitioner claims that his ineffective assistance of counsel claims raised herein were not brought in state court until the state petition filed in the Court of Appeal on January 17, 2007. This petition raised a number of claims and subclaims:

*Ineffective Assistance of Counsel*—failure to call critical witnesses (Barbara Burks had lied to investigators) (Detective Bayles, coached the victim, made a suggestive pretext call) (other witnesses); acquiescence to erroneous supplemental instruction defining the word substantial; allowing petitioner to be absent when the supplemental instruction was given; failure to object to inflammatory pictures; failure to challenge a portion of petitioner's sentence under state law; permitted juror excusals for cause; failure to object to the vagueness of the specific acts charged; failure to object to judicial bias; failure to point out mitigating factors at sentencing.

*Due process*—the specific counts were unduly vague and non-specific.

*Due Process*—Incorrect Supplemental instruction with respect to definition of "substantial" force.

*Due Process*—Cal. Penal Code section 288(b) was unconstitutionally vague insofar as it uses the terms, "force," "duress," and so forth.

*Sentencing Error (state law)*—Cal. Penal Code 677.5(6) was inapplicable to petitioner as he was not a recidivist.

*Cruel and Unusual Punishment*—Sentence of 360 years to life (actually 300 years plus 60 years to life) constituted disproportionate sentencing.

*Use Of Spouse's Testimony*.

*Absence at Critical Junctures of the Trial*—absent at the time of the "substantial force" supplemental instruction.

*Failure to Sentence in Accordance with Cal. Penal Code section 1203.066*.

*Jury Selection Error*.

*Coercion of the Victim During Pretrial Investigation*.

*Counsel Had Conflicts of Interest*—counsel's previous, difficult experience in a trial he conducted just before petitioner's caused him to be a less than vigorous advocate.

*Malicious Prosecution*—DA was hostile towards petitioner in several respects.

*Double Jeopardy*—Multiple punishments for the same conduct.

*Judicial Interference and Bia.*

*Due Process*—Admission of inflammatory pictures.

California Supreme Court Habeas Petition(s). Duplicate petitions which mirrored the claims filed in the Court of Appeal were filed on March 22 and 26, 2007. These petitions were denied on August 22, 2007.

Federal Proceedings:

The petition in this case was filed on March 26, 2007. However, the operative petition in this case is the First Amended Petition filed June 23, 2008 whose claims are:

1. Ineffective Assistance of Counsel (failure to adequately prepare for trial including failure to investigate potential witnesses, failure to develop a viable defense, failure to properly contest the duress aspect of the prosecution; conceding petitioner's guilt to the number of counts of sexual misconduct (54), failure to call a critical witness (Det. Bayles); failure to object to the supplemental instruction involving the word "substantial," failure to retain an expert "in an effort to provide a counter to the technical evidence of the accident (sic) in the prosecution's case."[3]
2. Insufficient Evidence regarding force or duress for the lewd act charges as well as the acts which constituted aggravated sexual assault.
3. Petitioner's Right to be Present at Trial was violated.
4. Erroneous Instruction (definition of the word "substantial" in a supplemental instruction).

Respondent's motion to dismiss based on the statute of limitations was denied. Thereupon, an answer was filed as well as a traverse. In conjunction with filing the traverse, petitioner made a motion to expand the record with respect to the ineffective assistance of counsel claim. Petitioner filed several declarations, including his own.[4] However, before adjudication of that

---

[3] In highlighting the claims on page 4 of the First Amended Petition, petitioner sets forth the claim that counsel was ineffective because of trial counsel's "failure to retain an expert 'in an effort to provide a counter to the technical evidence of the accident (sic) in the prosecution's case.'" Whatever this means, counsel did not define it at all in the fleshed out points and authorities, and the undersigned deems it a non-issue.

[4] Petitioner discussed some of his meeting with trial counsel; declared that he refused to testify

motion could take place (briefing was closed on May 18, 2009), the case was entirely reassigned to a visiting judge on October 28, 2009. Without adjudication of the motion to expand the record, the case was reassigned back to the undersigned and the Honorable Garland Burrell on September 5, 2014.

*Discussion*

As set forth in the introduction, the application of the new evidence preclusion of the Pinholster case depends on whether the Ylst[5] look-back presumption trumps the presumption that silent denials are adjudications on the merits of the petition. The Ninth Circuit has held that Ylst prevails, but petitioner must realize that all of that case governs the outcome here.

A very divided Ninth Circuit had an opportunity to resolve the issue in Cannedy v. Adams, 706 F.3d 1148 (9th Cir. 2013), amended, 733 F.3d 794 (2013). The majority held as follows:

> Here, the California Supreme Court adjudicated Petitioner's ineffective assistance claim on the merits. First, the California Court of Appeal held that Petitioner had demonstrated neither deficient performance nor prejudice with respect to trial counsel's failure to introduce evidence concerning the away message. Then the California Supreme Court summarily affirmed. Therefore, we "look through" the California Supreme Court's decision to the last reasoned decision—that of the California Court of Appeal. James, 679 F.3d at 801. And we "treat[ ] the later [decision] as reaching the merits if the earlier one did." Harris v. Thompson, 698 F.3d 609, 624 (7th Cir.2012), petition for cert. filed, 81 U.S.L.W. 3421 (U.S. Jan. 16, 2013) (No. 12–885); see also Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."). Accordingly, in conducting our own review under § 2254(d), we must limit

---

because his former counsel believed this to be ill advised, and that he would have taken a plea offer of 35 years to life if he had known about it. Other declarations included those of his wife, Deborah (detailing that with her work schedule and petitioner's residency training, very little time (if any) existed when petitioner was alone with his adopted daughter/victim [hereafter "S"];) (also that petitioner admitted acts of molestation of S to her); declaration of S's grandmother (recounting how S had not told her about any molestations occurring and that S had stayed at her residence for 6 months during the overall time period in which the molestations occurred); declaration of trial counsel (detailing the "whys" of his trial strategy and some factual details about his meetings with petitioner and attempts at a plea bargain).

[5] Ylst v. Nunnemaker, 501 U.S. 797 (1991).

> ourselves "to the record that was before the state court that adjudicated the claim on the merits" (footnote omitted)—the California Supreme Court. (footnote omitted) Id.

Cannedy, at 1156.

***

> In sum, we conclude that Richter does not change our practice of "looking through" summary denials to the last reasoned decision (footnote omitted)—whether those denials are on the merits or denials of discretionary review. And, even if Richter does require us to consider hypothetical reasons that may reasonably support the California Supreme Court's decision here, our review of the record discloses none that are consistent with that record.

Cannedy at 1159.

Cannedy went on to review its case with new evidence presented to the California Supreme Court. Although it looked back to the reasoning of the California Court of Appeal, and concluded that the silent denial of the state supreme court rested on the same ground, Cannedy reviewed the new evidence presented to the state supreme court because that court would presumably have made the same decision even in light of the new evidence.

We do not have an issue here of reviewing new evidence supplied to a higher state court because the "new evidence" at issue has first been presented to this federal court. Petitioner contends, however, that in looking back to the last reasoned decision, that of the Superior Court, the two higher court state habeas decisions must have rested their decision on the same grounds as the Superior Court—in this case a procedural decision. Thus, petitioner argues, it is clear that no state court adjudicated the merits of the issues first presented to the state Court of Appeal because they must have been denied on procedural grounds. Hence, no decision on the merits means that this court may review the matter *de novo* and may consider new evidence.[6]

---

[6] The merits presumption of Johnson v. Williams, __U.S.__ , 133 S. Ct. 1088 (2013), does not initially prevail here. That is, in the absence of strong evidence to the contrary, it will be presumed (subject to rebuttal) that the highest state court silent denial was adjudicated on the merits even though the lower courts may not have expressly addressed the federal issue. However, Johnson was decided in a different context where the Ylst look-back provision was not at issue. The issue in Johnson was whether the merits presumption should be employed where the state courts had arguably, purposefully not addressed the federal issues. The Supreme Court held that the merits presumption would apply unless it was clear that the state courts were purposefully not reaching the federal issues. Nothing in Johnson indicated that it was abrogating the Ylst

But the Ylst decision did not hold that its look-back procedure was an *irrebuttable* presumption. In the situation where "strong evidence" indicated that the higher court was not basing its decision on the grounds set forth in the reasoned lower court determination, the look-back presumption did not apply. Ylst, 501 U.S. at 804.

We have that strong evidence in this case. All would concede that the decisions of the state Court of Appeal and California Supreme Court were silent denials. However, the issues raised in the Court of Appeal and state supreme court were not before the Superior Court in either the third Superior Court petition, or the second petition in Superior Court. Even petitioner does not believe the reasoning of the third Superior court decision applies because the sole issue addressed by that petition was a state sentencing law issue not at issue in this federal petition. Petitioner would like the procedural ruling of the second Superior Court to apply to his belatedly raised issue of ineffective assistance of counsel as presented to the Court of Appeal et al. However the context of the issues before the second Superior Court were so different from that of the higher courts that it would be illogical to believe that the higher state courts were basing their decision on the same grounds as the second Superior Court.

As set forth above, the second Superior Court petition was actually a *request to file a petition* coupled with a request to obtain monetary recompense from the lawyer who filed the first state habeas petition. The Superior Court initially said no, and then a partial yes with respect to an unidentified issue, and then when no actual petition was filed with respect to the partial "yes," the Superior Court vacated its previous decision. While its third ruling did opine in dicta that a new petition, if actually filed, would be successive in any event, it simply did not have a petition before it with actual issues raised. Even if ineffective assistance of counsel would have been one of those issues, it would be illogical to believe that the Court of Appeal, and later the Supreme Court, both faced with a totally new actual petition with actual issues stated, including ineffective assistance of counsel, desired to reference the bizarre procedural context before the second

---

procedure. While it is evident from the amendment to Cannedy that certain Ninth Circuit judges may believe that Ylst does not apply in situations where new evidence was presented to the state supreme court—evidence that was not before the state court of appeal or a superior court—these judges did not command enough support for their view. The undersigned is bound by Cannedy.

Superior Court, and dicta of that Superior Court concerning successive petitions, in light of that context in reaching their decision on those issues.[7]

It *now* follows that the decisions of the Court of Appeal and Supreme Court of California on the habeas petitions before them were truly silent denials with nothing to look back upon in terms of a reasoned lower court decision, and hence the Johnson/Richter[8] merits presumption applies. It further follows that since petitioner's ineffective assistance of counsel issues were decided in the state courts on the merits, this court is limited in its review to the evidence (not much, if any) before those courts in adjudicating the ineffective assistance claim at bar. Castellanos v. Small, 766 F.3d 1137, 1148 (2014) citing Pinholster.[9]

*Conclusion*

Petitioner's Motion to Expand the Record, Docket # 40, is denied.

Dated: October 28, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

---

[7] It is ironic to petitioner's contention that the *only* reasoned state court decision on ineffective assistance of counsel, that of the first Superior Court, albeit on a different theory than those theories later presented to the Court of Appeal, et al., was denied on the merits.

[8] Harrington v. Richter, 562 U.S. 86 (2011).

[9] Based on the fact that the Pinholster limitations apply, it is not necessary for the undersigned to finally assess the merits of the evidence presented to this court for the first time. Suffice it to say, however, that the uncertain evidence presented that petitioner was a very busy and tired person because of his professional responsibilities as a young doctor at the time, with seemingly not much opportunity to have committed all of the charged acts given his wife's frequent work absences necessitating family babysitting of S, is speculative indeed. Petitioner to this day does not contest that he committed some of the acts charged; he simply asks this court to guess how many, but keep the number low. Weak evidence indeed to base a petition to have his trial begin anew in state court.